IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE THE APPLICATION OF | |
| ANGELY KATHERINE GODOY GOMEZ | |
| Plaintiff / Petitioner, | Civil Action File |
| | No.:   2:22-CV-139-RWS |
| v. | |
| VICTOR HUGO MONTOYA VILLA | |
| Defendant / Respondent. | |

## VERIFIED PETITION FOR RETURN OF A CHILD

Comes now, Petitioner, ANGELY KATHERINE GODOY GOMEZ and respectfully shows this Court as follows:

### 1. INTRODUCTION

1. This action is brought by **ANGELY KATHERINE GODOY GOMEZ** (hereinafter referred to as "Petitioner") a citizen of Venezuela, to secure the return of her twelve (12) year-old son, S.G. (hereinafter referred to as the "Child"), who has been, without Petitioner's consent or acquiescence, wrongfully retained in the Northern District of Georgia by the Child's father, Defendant/Respondent **VICTOR HUGO MONTOYA VILLA**(hereinafter

Page 1 of 15

referred to as "Respondent").

2.  This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") and the International Child Abduction Remedies Act ("ICARA"). A copy of the Hague Convention and of ICARA are attached hereto as Exhibits 'A' and 'B' respectively.  The Hague Convention came into effect in the United States of America on July 1, 1988, and <u>has been ratified</u> between the United States of America and the Country of Venezuela.

3.  The stated objects of the Hague Convention in Article I are:

> Article 1(a):  To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and,
>
> Article 1(b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States .

4.  The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 22 U.S.C. § 903(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (Federal Question jurisdiction). Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) (1) because, upon information and belief, the Child and Respondent are residing at the home of the Respondent in the Atlanta Division of the Northern District of Georgia in Oakwood City, Georgia.

## III. STATEMENT FACTS

6. The Child was born in Venezuela as the son of Petitioner and Respondent. See Exhibit 'C' attached hereto which is the Civil Register document of birth.

7. On December 5, 2011, the Twelfth Public Defender's Office for the Protection of Children and Adolescents of the Caracas Metropolitan Area entered a Conciliatory Act on Family Cohabitation Regime ("Agreement") granting Respondent rights of access with the minor child, "every fifteen days of the month, having to hand [the Child] over to [Petitioner] on Sunday of that weekend at 4:00 PM."

8. On January 12, 2012, the Second Room of the First Instance

Mediation Court of Children and Adolescent Protection District of Caracas entered a Judicial Decision ("Order") recognizing and adopting the Agreement. See the Spanish and translated-English Agreement and Order attached collectively as Exhibit 'D' to this Petition.

9. Petitioner and the Child continued to reside in Venezuela since his birth, and Venezuela is the Child's "habitual residence". Before Respondent's relocation in August 2020 to Oakwood City, Georgia, United States, Respondent resided in Venezuela and exercised his rights of access with the Child in Venezuela. Upon his relocation, Respondent continued to travel to Venezuela to exercise his rights of access with the Child.

10. Petitioner is employed in Venezuela to support her family including the Child.

11. The Child attended Kindergarten, First, Second, Third, Fourth, and Fifth Grade in Venezuela at the San Pedro School. The Child has a doctor in Venezuela who has routinely seen the Child since birth. See Exhibit 'E' which contains the Child's identification card, school records, and medical records.

12. On March 31, 2021, Respondent requested, for the first time, to exercise his rights of access in Oakwood City, Georgia, United States. After much

concern and discussion, the Parties agreed that the minor child would travel temporarily to the United States beginning August 2021, so that Respondent could exercise his rights of access.

13. On August 12, 2021, the Parties agreed to allow the minor child to temporarily travel to the United States, and Petitioner secured a Judicial Travel Authorization for the Child to travel to Oakwood City, Georgia, United States from the Seventh Court of First Instance of Mediation, Substantiation and Execution of the Judicial Circuit for the Protection of Children and Adolescents of the Judicial Circuit of the Metropolitan Area of Caracas and National of International Adoption ("Judicial Circuit").  See Exhibit 'F' which contains the Travel Authorization from the Judicial Circuit.

14. Therefore, on August 14, 2021, the minor child boarded the flight from Caracas to the City of Santo Domingo, and transferred to another flight from the City of Santo Domingo to the City of Miami, Florida. From Miami, Florida, Respondent and the Child traveled by vehicle to Oakwood City, Georgia. Respondent purchased a round-trip ticket for the Child, and Respondent was to return the Child on November 6, 2021, following the same travel itinerary back to Venezuela. See Exhibit 'G' which contains the receipt for the round-trip ticket(s)

showing the intent of the Parties for the Child's return on November 6, 2021.

15. On September 24, 2021, Respondent sent a WhatsApp message to Petitioner regarding an immediate need for a discussion with Respondent. Because Petitioner had issues with internet connectivity, she did not receive the message until September 27, 2021. Petitioner sent a responsive message on September 28, 2021, which Respondent did not answer. All subsequent communication from Petitioner to Respondent or the Child were ignored or blocked.

16. On October 28, 2021, Respondent again sent a message to Petitioner stating that the Child wanted to remain in the United States through the Christmas holiday. This was the first indication to Petitioner that Respondent was not going to return the Child as agreed. All subsequent communication from Petitioner to Respondent or the Child was ignored or blocked.

17. Any communication between the Child and Petitioner from October 28, 2021 to January 31, 2022 was only allowed through Respondent, his wife, or his mother-in-law. However, most communication attempts from Petitioner was completely ignored or blocked.

18. The term for the Child to be returned expired in accordance with the travel permit granted, and Respondent refused to return the Child without

requested a travel extension.

19. Petitioner exercised her rights of custody pursuant to the terms of the Judicial Decision of the Second Room of the First Instance Mediation Court of Children and Adolescent Protection District of Caracas adopting the Twelfth Public Defender's Office for the Protection of Children and Adolescents of the Caracas Metropolitan Area Conciliatory Act on Family Cohabitation Regime until the date of November 6, 2021, when Respondent wrongfully retained the Child in Oakwood City, Georgia, United States.

20. Petitioner filed a Request for Return of the Child through the Venezuelan Central Authority on January 31, 2022. A true and correct copy of Petitioner's Requests for Return and a translation thereof is attached hereto as Exhibit 'H'.

### IV.  WRONGFUL REMOVAL AND RETENTION OF THE CHILD BY RESPONDENT:  CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

21. As set forth above, on or about November 2021, Respondent wrongfully retained the Child within the meaning of Article 3 of the Convention and continues to wrongfully retain the Children in the State of Georgia, United States, despite Petitioner's efforts to have the Child returned to Venezuela. Such

wrongful retention occurred immediately upon the passing of the agreed date of return, November 6, 2021. [Philippopoulos v. Philippopoulou, 461 F. Supp. 2d 1321 (N.D. Ga 2006)]

22. Prior to the date of Respondent's wrongful retention on November 6, 2021, the minor child's habitual residence was with Petitioner in Capital District, San Jose, Venezuela.

23. Petitioner has never acquiesced or consented to the permanent removal from and retention of the Child from Venezuela to the United States or to his living outside of Venezuela.

24. Respondent's retention of the Children is wrongful within the meaning of Article 3 of the Convention because;

    A. It is in violation of Petitioner's rights of custody as the Child's mother as established by Venezuelan law. A copy of the Organic Law for the protection of Children and Adolescents (LOPNNA) is attached hereto as Exhibit 'E'. Article 350 of the LOPNNA provides that when both parents have recognized a child born out of wedlock and they live together, they will jointly exert parental authority/responsibility (*la patria potestad*). Respondent's wrongful retention of the Child is in violation of Petitioner's rights of custody. [See also, Gonzalez v.

Preston, 107 F. Supp. 3d 1226, (M.D. Ala. 2015), citing Vale v. Avila, 538 F.3d 581, 586 (7th Cir. 2008) (holding that the Venezuelan doctrine of *patria potestas* conferred rights relating to the care of the person of the child under the meaning of the Hague Convention)].

    B.    At the time of the Child's removal from Venezuela, Respondent was exercising his rights of custody within the meaning of Articles 3 and 5 of the Convention. However, Petitioner would have exercised her rights of custody, within the meaning of Articles 3 and 5 of the Convention, upon the return of the Child to Venezuela, but for Respondent's wrongful retention of the Child.

    C.    The Child was habitually resident with Petitioner in Venezuela within the meaning of Article 3 of the Convention immediately before the Child's wrongful retention by Respondent.

25.    Respondent is presently wrongfully retaining the Child in the State of Georgia.

26.    Petitioner has never consented to or acquiesced to Respondent's wrongful retention of the Child in the United States and away from the Child's habitual residence.

27.    The Child is twelve (12) years old. The Hague Convention applies to

children under sixteen (16) years of age and thus applies to this Child.

28.     Petitioner filed her documents with the Venezuelan Authorities in January of 2022 seeking the return of the Child.

## V. PROVISIONAL REMEDIES
## (22 U.S.C. § 9004 & HAGUE CONVENTION, ARTICLE 16)

29.     Petitioner requests that this Court issue an immediate order restraining Respondent from removing the Child from the jurisdiction of this Court, and a warrant for the immediate physical custody of the Child, directing any United States Marshal or other law enforcement officer to bring the Child before this Court. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petition.

## VI.  ATTORNEY FEES AND COSTS
## (22 U.S.C. § 9007 and HAGUE CONVENTION, ARTICLE 26)

30.     Petitioner respectfully requests that this Court award her all costs and tees, including transportation costs, incurred to date as required by 22 U.S.C. § 9007 and Article 26 of the Hague Convention.

## VII. NOTICE OF HEARING
## (22 U.S.C. § 9003)

31.     Pursuant to 22 U.S.C. § 9003, Respondent shall be given notice of

these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

## VIII. RELIEF REQUESTED

WHEREFORE, Petitioner ANGELY KATHERINE GODOY GOMEZ prays for the following relief:

(a) An immediate Temporary Restraining Order prohibiting the removal of the Child from the jurisdiction of this Court pending a hearing on the merits of this Verified Petition, and that Order further providing that no person acting in concert or participating with Respondent shall take any action to remove the Child from the jurisdiction of this Court pending a determination on the merits of the Verified Petition;

(b) The scheduling of an expedited Preliminary Injunction Hearing on the merits of the Verified Petition; an Order that Respondent show cause at this hearing as to why the Child should not be returned to Venezuela, and why such other relief requested in the Verified Petition should not be granted; and, pursuant to Federal Rule of Civil Procedure 65, an Order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Petition;

(c) A Final Judgment in Petitioner's favor establishing that the Child shall

be returned to Venezuela, where an appropriate custody determination can made by a Venezuelan Court under Venezuelan Law;

(d) An Order requiring that Respondent pay Petitioner's expenses and costs, including transportation costs, under 22 U.S.C. § 9007 and Article 26 of the Hague Convention, such expenses and costs to be resolved via post judgment motion, consistent with the procedure outlined under Local Rule 54.2(A) of this Court; and,

(e) For any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted, this 19 day of July, 2022,

_____
ALEXA N. LEWIS
Georgia Bar No. 294945
Counsel for Petitioner
SHEWMAKER & SHEWMAKER, LLC
50 Technology Parkway S
Peachtree Corners, Georgia 30092
Office: 770-939-1939
Facsimile: 770-939-0583
alewis@shewmakerlaw.com

*/s/ Hayley E. Settles*
HAYLEY E. SETTLES
Georgia Bar No. 402958
Counsel for Petitioner
SHEWMAKER & SHEWMAKER, LLC
50 Technology Parkway S
Peachtree Corners, Georgia 30092
Office: 770-939-1939
Facsimile: 770-939-0583
hsettles@shewmakerlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE THE APPLICATION OF | * | |
| | * | |
| ANGELY KATHERINE GODOY GOMEZ | * | |
| Plaintiff / Petitioner, | * | Civil Action File |
| | * | No.: |
| v. | * | |
| | * | |
| VICTOR HUGO MONTOYA VILLA | * | |
| Defendant / Respondent. | * | |
| | * | |

## VERIFICATION of PETITION

I am one of the attorneys for the Petitioner, ANGELY KATHERINE GODOY GOMEZ. I make this Verification on behalf of Petitioner because Petitioner is absent from this country. The above document is true based on the above-identified attorneys' investigation to date and communications between Shewmaker & Shewmaker, LLC and Ms. Gomez, except as to the matters that are stated in it on information and belief and as to those matters I believe to be true. I declare under penalty and perjury under the laws of the State of Georgia that the foregoing is true and correct.

This 19 day of July, 2022

_____
ALEXA N. LEWIS
Georgia Bar No. 294945
Counsel for Petitioner
SHEWMAKER & SHEWMAKER, LLC
50 Technology Parkway S
Peachtree Corners, Georgia 30092
Office: 770-939-1939
Facsimile: 770-939-0583
alewis@shewmakerlaw.com

**CERTIFICATE OF FONT AND POINT SELECTION**

I hereby certify that the foregoing was prepared in Times New Roman font in 14 point type in compliance with Local Rule 5.1(B).

_____
ALEXA N. LEWIS
Georgia Bar No. 294945
Counsel for Petitioner
SHEWMAKER & SHEWMAKER, LLC
50 Technology Parkway S
Peachtree Corners, Georgia 30092
Office: 770-939-1939
Facsimile: 770-939-0583
alewis@shewmakerlaw.com